UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

**17 MISC 224**

IN RE THE MATTER OF

__Andrea Tessler__
(NAME UNDER WHICH YOU WERE
ADMITTED TO PRACTICE)

M9-282

------------------------------------------------------------X

Pursuant to the Local Rules of the Southern District of New York, as pertains to attorney admissions; I am requesting that __Andrea Krugman__ previously admitted under the name __Andrea Tessler__ is now admitted to practice on the rolls of attorneys of the Southern District of New York.

Dated:

_____
UNITED STATES DISTRICT JUDGE
PART I

6-30-17

JUN 3 0 2017

465401184725  $47  AA

## Certification

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

I, Milton Adair Tingling, County Clerk and Clerk of Supreme Court New York County,

do hereby certify that on February 13, 2015 I have compared

the document attached hereto,

312289/2014 MATRIMONIAL JUDGMENT filed 2/6/2015 page(s) 1-8.

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

MILTON ADAIR TINGLING
NEW YORK COUNTY CLERK

At the Matrimonial Part 9**3H** of
New York State Supreme Court at
the Courthouse located at 60
Centre St., New York, NY, on
November 20, 2014.

Present:

HON. _____
                Justice/Referee

-------------------------------------X
ANDREA TESSLER,

                  Plaintiff

   -against-

BENJAMIN TESSLER,

                  Defendant.
-------------------------------------X

Index No. 312289/14

**JUDGMENT OF DIVORCE**

NOTICE: Each party has a right to seek modification of the child support order upon a showing of: (i) a substantial change in circumstances; or (ii) that three years have passed since the order was entered, last modified or adjusted; or (iii) there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted; however, if the parties have specifically opted out of subparagraph (ii) or (iii) of this paragraph in a validly executed agreement or stipulation, then that basis to seek modification does not apply.

This action was submitted to this Court for consideration this ____ day of _____, 2014.

Defendant was served with the Summons with Notice and Notice of Automatic Orders.

Plaintiff presented a Verified Complaint and Affidavit of Plaintiff constituting the facts of this matter.

The Defendant has appeared and waived his right to answer.

The Court accepted written proof of non-military service.

Plaintiff's social security number is ▓▓▓▓-4984 and Plaintiff resides at 444 East 82nd Street, Apartment 5L, New York, New York 10028. Defendant's social security number is ▓▓▓▓-3532 and Defendant resides at 444 East 82nd Street, Apartment 29A, New York, New York 10028.

There are two children born of this marriage, Lillian Krugman Tessler, born ▓▓▓▓ ▓▓▓▓ social security number ▓▓▓▓▓▓ residing at 444 East 82nd Street, Apartment 5L, New York, New York 10028, and Mia Krugman Tessler, born ▓▓▓▓▓▓, social security number ▓▓▓▓▓▓, residing at 444 East 82nd Street, Apartment 5L, New York, New York 10028. No other children are expected.

NOW, on motion of KAMINER KOUZI & ASSOCIATES LLP, attorneys for Plaintiff; it is

ORDERED, ADJUDGED and DECREED that the marriage between ANDREA TESSLER, Plaintiff, and BENJAMIN TESSLER, Defendant, is hereby dissolved by reason of the

Irretrievable Breakdown of the Marriage, for a period of six months, pursuant to DRL§170(7); and it is further;

ORDERED and ADJUDGED that the parties settled all issues between them as set forth in their Agreement and Stipulation of Settlement entered into on October 8, 2014 (hereinafter "Agreement"), which shall be incorporated by reference into the Judgment, but shall not be merged and shall survive the Judgment of Divorce; and it is further

ORDERED and ADJUDGED that in accordance with Article III of the Agreement the parties shall share joint legal custody of their children, Lillian Krugman Tessler and Mia Krugman Tessler.

ORDERED and ADJUDGED that in accordance with Article III the Agreement, Plaintiff shall have primary physical custody of the parties' daughters with parental access for Defendant as set forth in the Agreement; and it is further

ORDERED and ADJUDGED that, in accordance with Article II of the Agreement, neither party shall pay nor receive spousal maintenance; and it is further

ORDERED AND ADJUDGED that, in accordance with Article IV of the Agreement, the Father shall not pay the Mother any child support until he becomes employed, as employment is defined in the Agreement. Upon becoming employed, the Father shall be responsible to make child support payments to the Mother with the amount of child support dependent on how much he is earning, as set forth in the Agreement.

In resolving child support, the parties have considered and been advised of the provisions of Domestic Relations Law 240 (1-b) and Family Court Act 413 (1)(b), commonly known as the Child Support Standards Act (the "CSSA"), and have been further advised that the basic child support obligation, as determined by the formula contained in the CSSA would presumptively result in the correct amount of child support to be awarded, the parties have considered such provisions, including the respective pro rata shares of the basic child support obligation of the custodial parent and the non-custodial parent, as determined pursuant to the CSSA, as well as the various factors enumerated in the CSSA, to wit:

(a)  The financial resources of the custodial and non-custodial parent, and those of the child;

(b)  The physical and emotional health of the child and his/her special needs and aptitudes;

(c)  The standard of living the child would have enjoyed had the marriage or household not been dissolved;

(d)  The tax consequences to the parties;

(e)  The non-monetary contributions that the parties will make toward the care and well-being of the child;

(f)  The educational needs of either parent;

(g)     A determination that the gross income of one parent is substantially less than the other parent's gross income;

(h)     The needs of the child of the non-custodial parent for whom the non-custodial parent is providing support who are not subject to the instant action and whose support has not been deducted from income pursuant to the CSSA, and the financial resources of any person obligated to support such child, provided, however, that this factor may apply only if the resources available to support such child are less than the resources available to support the child who are subject to the instant action;

(i)     Provided that the child is not on public assistance;

(j)     extraordinary expenses incurred by the non-custodial parent in exercising visitation, or

(k)     expenses incurred by the non-custodial parent in extended visitation provided that the custodial parent's expenses are substantially reduced as a result thereof.

The Basic Child Support as it pertains to add on expenses provided for in this Agreement deviates downwards from the CSSA; and it is further

ORDERED and ADJUDGED that in accordance with Article IV of the Agreement, the parties shall each be responsible for 50% of the cost of agreed upon expenses for childcare, extra-curricular activities, tutors, camp, transportation, and uncovered/unreimbursed medical, dental and orthodonic expenses.; and it is further

ORDERED and ADJUDGED that in accordance with Article IV of the Agreement, the parties shall be equally responsible for the cost of college at the time the children apply to college, less any grants and/or scholarships the children may receive; and it is further

ORDERED and ADJUDGED that in accordance with Article IV of the Agreement, Plaintiff shall be the relative legally responsible to supply health insurance coverage for the children as long as it is available to her through her current employer or a subsequent employer. In the event that Plaintiff does not have health insurance available to her and Defendant has health insurance available to him, Defendant shall be obligated to obtain medical insurance for the children, upon notice by the Plaintiff, as soon as allowable by the insurance company, and the parties shall be responsible for sharing the cost equally; and it is further

ORDERED and ADJUDGED that upon entry of a Judgment of Divorce, each party shall be responsible for his or her own medical insurance and for his or her own past, present and future medical expenses; and it is further

ORDERED and ADJUDGED that both parties have been advised and signed at page 32 of the Agreement, the requisite DRL 255 Notice; and it is further

ORDERED and ADJUDGED that there is no marital property to be distributed between the parties apart from what has been distributed between them pursuant to their Agreement; and it is further

ORDERED and ADJUDGED that the Agreement shall be incorporated in this Judgment by reference, and shall survive and not be merged in this Judgment and the parties hereby are directed to comply with every legally enforceable term and provisions of such Agreement as if such term or provision were set forth in its entirety herein, and the

Court retains jurisdiction of the matter concurrently with the Family Court for the purpose of specifically enforcing such of the terms of the stipulation as are capable of specific enforcement, to the extent permitted by law, and making such further Judgment as it finds appropriate under the circumstances existing when application for that purpose is made to it, or both; and it is further

ORDERED and ADJUDGED that Plaintiff is authorized to resume the use of her maiden name to wit: Krugman; and it is further

ORDERED and ADJUDGED that Defendant shall be served with a copy of this Judgment, with Notice of Entry, by the Plaintiff, within twenty (20) days of such entry.

ENTER: _____
J.S.C.

Milton A. Tingling
Clerk

**FILED**
FEB 06 2015
COUNTY CLERK'S OFFICE
NEW YORK

APPROVED AS TO FORM AND CONTENT
AND NOTICE OF SETTLEMENT WAIVED

By: _____
Maggie I. Kaminer, Esq.
Attorneys for the Plaintiff
Kaminer Kouzi & Associates LLP
295 Madison Avenue, 22nd Floor
New York, New York 10017

By: _____
Benjamin Tessler
Pro-se Defendant
444 E. 82nd St., Apt. 29A
New York, New York 10028

7

**FILED**

FEB 06 2015
11:32 A M
AT
N.Y., CO. CLK'S OFFICE

Judgment
312289/14